| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>DOUGLAS G. LENEY (DL9012)<br>ARCHER & GREINER, P.C.<br>One Centennial Square<br>Haddonfield, NJ  08033<br>Tel:  (215) 963-3300<br>Fax:  (215) 963-9999<br>dleney@archerlaw.com<br>*Attorneys for Hightstown Enterprises, LLC*<br><br>In re:<br><br>3P HIGHTSTOWN, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 21-12957 (MBK)<br><br>**Hearing Date:  May 13, 2021 @ 10:00AM** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HIGHTSTOWN ENTERPRISES, LLC TO DISMISS CHAPTER 11 CASE

Hightstown Enterprises, LLC ("Hightstown Enterprises"), by and through its undersigned counsel, hereby submits this memorandum of law in support of its motion to dismiss the above-captioned chapter 11 bankruptcy case for lack of authority (the "Motion"), and in support thereof, respectfully aver as follows:

### I.  JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  RELEVANT FACTUAL BACKGROUND

3. For the sake of brevity and to avoid unnecessary duplication, the facts as set forth in the accompanying Declaration of Peter Wersinger (the "Wersinger Declaration") are incorporated herein as if set forth at length.  Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Wersinger Declaration.

## III. RELIEF REQUESTED AND BASIS THEREFOR

4. Hightstown Enterprises respectfully seeks entry of an Order dismissing the above-captioned chapter 11 case.  Pursuant to the express terms of its own LLC Agreement[1], 3P Hightstown lacks authority to file a petition in bankruptcy absent certain prerequisites which were not obtained here.

5. It is well-settled law that: (1) a bankruptcy petition for a corporation, including a limited liability company, may be filed only by those with the authority to take such action on behalf of the corporation; (2) the law of the state where the corporation is incorporated determines who has such authority; and (3) *if a bankruptcy court determines that a petition was filed by someone without the requisite authority it must dismiss the case.* See, Price v. Gurney, 324 U.S. 100 (1945); In re NNN 123 N. Wacker, LLC, 510 B.R. 854, 858-59 (Bankr. N.D. Ill. 2014).  "State law determines who has authority to institute a bankruptcy proceeding on behalf of a legal entity, and 'where authority under local law is found lacking, the court has no alternative but to dismiss the petition.'" In re Cabernet Holdings, LLC, No. Civ. A. 10-50602C-11W, 2010 WL 2540116, at *2 (Bankr. M.D.N.C. June 21, 2010) (citations omitted).

6. Here, the LLC Agreement is governed by the Delaware Limited Liability Company Act, Title 6, §§ 18-101, *et seq.* and interpreted and enforced in accordance with Delaware state law. See, LLC Agreement, Preamble; Section 14.12 (Governing Law).

---

[1] A copy of the LLC Agreement is annexed to the Wersinger Declaration as Exhibit "D."

7.    Delaware limited liability companies, such as 3P Hightstown, "are designed to afford the maximum amount of freedom of contract, private ordering and flexibility to the parties involved." In re Grupo Dos Chiles, LLC, No. Civ. A. 1447-N, 2006 WL 668443, at *2 (Del. Ch. Mar. 10, 2006); see also, Kyle v. Apollomax, LLC, 987 F. Supp. 2d 519, 524 (D. Del. 2013) (Andrews, J.) (holding that "Delaware's Limited Liability Company Act places a premium on the parties' freedom of contract.").

8.    Limited liability companies "are creatures of contract," and the purpose and policy of Delaware's LLC Act is to "give the maximum effect to the principle of freedom of contract and to the enforceability of limited liability company agreements." Olson v. Halvorsen, 986 A.2d 1150, 1160 (Del. 2009); R & R Capital, LLC v. Buck & Doe Run Valley Farms, LLC, No. Civ. A. 3803-CC, 2008 WL 3846318, at *4 (Del. Ch. Aug. 19, 2008).

9.    Here, the LLC Agreement plainly provides that until and unless either (i) all preferred capital has been returned to holders of preferred units, or (ii) the preferred members having provided prior approval, 3P Hightstown may not commence bankruptcy proceedings:

> **Section 4.06  Voting.**
>
> …
>
> (b)  Notwithstanding anything to the contrary contained in this Agreement, until such time as the Preferred Unreturned Capital Value has been reduced to zero, the Company shall not, and shall not permit any of the Company Subsidiaries to, engage in or cause any of the following transactions or take any of the following actions, and the Board shall not permit or cause the Company or any of the Company Subsidiaries to engage in, take, or cause any such action, in each case except with the prior approval of the holders of a majority of the outstanding Preferred Units voting separately as a class:
>
> …

3

> (xi) ***the initiation by the Company or any Company Subsidiary of a bankruptcy proceeding (or consent to any involuntary bankruptcy proceeding).***

<u>See</u>, LLC Agreement, Section 4.06 (emphasis added).

10. Here, neither of those prerequisites occurred, and 3PECA (acting through its member Christopher Otteau) simply ignored the express language of the LLC Agreement and unilaterally filed the 3P Hightstown Bankruptcy Case without proper authority to do so.

11. In a case with facts quite similar to those here, the United States Bankruptcy Court for the Western District of Pennsylvania dismissed a limited liability company's chapter 11 case where, as here, the company's operating agreement was governed by Delaware law, and the member who filed the chapter 11 case lacked authority to do so under the terms thereof. <u>See</u>, <u>In re Advanced Vascular Res. of Johnstown, LLC</u>, 590 B.R. 323, 324 (Bankr. W.D. Pa. 2018) ("The question before the Court is whether it was proper for the Debtor to file the instant bankruptcy case when one of its equity holders – Johnstown Heart and Vascular Center, Inc.– did not consent to its filing? The answer to this question is that the bankruptcy filing was unauthorized and improper. As a result, this case shall be dismissed.").

12. Pursuant to section § 1112(b) of the Bankruptcy Code, the Bankruptcy Court may dismiss the instant bankruptcy petition "for cause," which includes the lack of authority to file a bankruptcy petition. <u>See</u> 11 U.S.C. § 1112(b); <u>In re Comscape Telecommunications, Inc.</u>, 423 B.R. 816, 829 (Bankr. S.D. Ohio) ("It is well established that lack of authority to commence a bankruptcy case constitutes cause for dismissal.").

4

## IV. CONCLUSION

WHEREFORE, for the reasons set forth hereinabove, Hightstown Enterprises respectfully seeks entry of an Order dismissing the above-captioned chapter 11 case, and granting such other and further relief as this Court deems just and proper.

Dated: Haddonfield, New Jersey  
       April 20, 2021

ARCHER & GREINER  
A Professional Corporation

 /s/ Douglas G. Leney  
Douglas G. Leney (NJ Bar No. 034232007)  
One Centennial Square  
Haddonfield, NJ 08033  
Tel: (856) 795-2121  
Fax: (856) 795-0574  
dleney@archerlaw.com  
*Attorneys for Hightstown Enterprises, LLC*

220894592v1