UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

DOUGLAS G. LENEY (DL9012)
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ  08033
Tel:  (215) 963-3300
Fax:  (215) 963-9999
dleney@archerlaw.com
*Attorneys for Hightstown Enterprises, LLC*

In re:

3P HIGHTSTOWN, LLC,

              Debtor.

Chapter 11

Case No. 21-12957 (MBK)

**Hearing Date:  June 3, 2021 @ 11:30AM**

### REPLY IN FURTHER SUPPORT OF MOTION OF HIGHTSTOWN ENTERPRISES, LLC TO DISMISS CHAPTER 11 CASE

Hightstown Enterprises, LLC ("Hightstown Enterprises"), by and through its undersigned counsel, hereby submits this reply in further support of its motion to dismiss the above-captioned chapter 11 bankruptcy case for lack of authority (the "Motion"), and in support thereof, respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

In its opposition (the "Opposition") to the Motion, 3P Hightstown[1] takes the incredible position that somehow, and for reasons not fully articulated, ***neither the 4J Group nor Hightstown Enterprises*** stood as preferred equity members of 3P Hightstown at the time its sole common member, 3P Equity Capital Advisers, LLC ("3PECA"), through its own sole member, Christopher Otteau, unilaterally decided to file the instant chapter 11 bankruptcy case.  In order to arrive at this stunning conclusion, the Opposition alternately cites to the LLC Agreement and

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

the Delaware LLC Act whenever one seemingly suits 3P Hightstown's argument better, without consideration of the necessary interplay between the statutory regime and express language of the LLC Agreement itself.

While 3P Hightstown's fundamental argument – that the preferred membership interests previously held by the 4J Group and now held by Hightstown Enterprises somehow vanished into thin air and no longer exist – is deeply flawed, it is also obviated in its entirety by specific sections of the LLC Agreement.  3P Hightstown's Opposition centers entirely on the "membership" debate, while totally ignoring that the provision precluding 3P Hightstown's unilateral bankruptcy filing speaks only to "holders" of preferred capital, as detailed herein.  And regardless of whether the "holder" of those units is determined to be the 4J Group or Hightstown Enterprises, such determination is irrelevant to granting the relief sought in the Motion. Nowhere in the lengthy Certification of Christopher Otteau in support of the Opposition (the "Otteau Certification") does Mr. Otteau ever claim that he solicited votes on the issue of commencing bankruptcy proceedings from *either* the 4J Group or Hightstown Enterprises.  This is because he failed to do so, in plain violation of the terms of the LLC Agreement.  Accordingly, the Bankruptcy Court should dismiss the instant chapter 11 case as having been filed without requisite corporate authority.[2]

---

[2] Lack of corporate authority is simply the most obvious basis upon which the Bankruptcy Court should dismiss the Debtor's chapter 11 case.  Hightstown Enterprises reserves all rights with respect to seeking dismissal upon other grounds, including, but not limited to, lack of good faith under the applicable Primestone factors. See, In re Primestone Inv. Partners, L.P., 272 B.R. 554, 557 (D. Del. 2002).  The Office of the United States Trustee has already raised some of these concerns in the course of the Debtor's section 341(a) meeting of creditors.  Relevant excerpts of same are annexed hereto as Exhibit "A."

## II. REPLY TO OPPOSITION

1.      Much of the Opposition is devoted to citing sections of the Delaware LLC Act with an implication that the statute serves as the sole authority with respect to matters concerning the governance of 3P Hightstown and the rights and obligations of its members.  However, the Delaware LLC Act makes clear that "[i]t is the policy of this chapter to give the maximum effect to the principle of freedom of contract and to the enforceability of limited liability company agreements." Del. Code Ann. tit. 6, § 18-1101(b).

2.      In other words, where a limited liability company's operating agreement is silent with respect to a particular issue covered by the statute (or no such operating agreement exists at all), then the statute provides guidance to parties.  However, the Delaware LLC Act provides wide discretion to parties to freely negotiate and contract as they deem appropriate, and to memorialize their own terms and conditions within limited liability operating agreements. See, Kyle v. Apollomax, LLC, 987 F. Supp. 2d 519, 524 (D. Del. 2013) ("Delaware's Limited Liability Company Act places a premium on the parties' freedom of contract, and the fiduciary duties of any person bound by an LLC agreement 'may be expanded or restricted or eliminated by provisions in the limited liability company agreement.'") (citations omitted).

3.      While 3P Hightstown goes to great lengths to attack the validity of the transfer of membership interests from the 4J Group to Hightstown Enterprises, alleging a number of deficiencies along the way, the Opposition ignores completely that the LLC Agreement speaks specifically to an attempted, but failed, transfer of interests:

> **Section 10.01 General Restrictions on Transfer.**
>
> …
>
> (c) any transfer or attempted transfer of any Units or Unit Equivalents in violation of this Agreement shall be null and void, no such Transfer shall be recorded on the Company's books, and

3

> the purported Transferee in any such Transfer shall not be treated ***(and the purported Transferor shall continue to be treated) as the owner of such Units or Unit Equivalents for all purposes of this Agreement.***

See, LLC Agreement, Section 10.01(c) (emphasis added).

4. Therefore, even if 3P Hightstown's argument were correct – that the transfer of preferred membership interests from the 4J Group to Hightstown Enterprises was not done in accordance with the terms of the LLC Agreement – then Section 10.01(c) plainly and unequivocally states that the attempted transfer is "null and void," and that ***the 4J Group shall continue to be treated as the owner of such "Units" for "all purposes" of the LLC Agreement.***

5. Turning then to the principal section of the LLC Agreement at issue, which precludes the commencement of these bankruptcy proceedings by 3P Hightstown absent the consent of the holders of preferred Units:

> **Section 4.06 Voting.**
>
> …
>
> (b) Notwithstanding anything to the contrary contained in this Agreement, until such time as the Preferred Unreturned Capital Value has been reduced to zero, the Company shall not, and shall not permit any of the Company Subsidiaries to, engage in or cause any of the following transactions or take any of the following actions, and the Board shall not permit or cause the Company or any of the Company Subsidiaries to engage in, take, or cause any such action, in each case ***except with the prior approval of the holders of a majority of the outstanding Preferred Units voting separately as a class***:
>
> …
>
> (xi) ***the initiation by the Company or any Company Subsidiary of a bankruptcy proceeding (or consent to any involuntary bankruptcy proceeding).***

See, LLC Agreement, Section 4.06 (emphasis added).

6. Whichever constituency comprised the "holders"[3] of those Preferred Units at the time 3P Hightstown filed its chapter 11 petition – whether it was the 4J Group or Hightstown Enterprises – neither voted separately as a class to authorize the filing. The petition was therefore filed without 3PECA complying with the proper prerequisites and in plain contravention of the terms of the LLC Agreement, and this case should be dismissed.

### III. CONCLUSION

WHEREFORE, for the reasons set forth hereinabove, Hightstown Enterprises respectfully seeks entry of an Order dismissing the above-captioned chapter 11 case, and granting such other and further relief as this Court deems just and proper.

Dated: Haddonfield, New Jersey
       June 2, 2021

ARCHER & GREINER
A Professional Corporation

  /s/ Douglas G. Leney
Douglas G. Leney (NJ Bar No. 034232007)
One Centennial Square
Haddonfield, NJ 08033
Tel: (856) 795-2121
Fax: (856) 795-0574
dleney@archerlaw.com
*Attorneys for Hightstown Enterprises, LLC*

221260005v1

---

[3] 3P Hightstown's citation to section 18-702(b)(3) of the Delaware LLC Act, alleging that the 4J Group lost rights and powers as members, is also irrelevant as Section 4.06 speaks to "holders" of units and not "members." Moreover, that subsection is modified by the preamble of section 18-702(b), which states: *"Unless otherwise provided in a limited liability company agreement…"* Del. Code Ann. tit. 6, § 18-702(b). Here, the LLC Agreement is robust and comprehensive and plainly provides for holders of preferred Units to consent to a bankruptcy filing before 3P Hightstown may voluntarily commence a case.